## HOWARD v. SOUTHWESTERN MORTGAGE CO. et al.

No. 14510—Opinion Filed April 22, 1924.

Rehearing Denied May 20, 1924.

(Syllabus.)

**1. Appeal and Error—Review—Questions of Fact—Verdict.**

Where, in an action for the recovery of money, growing out of contract, the defendant, by his pleadings, draws in question the amount due, and the matter is tried to a jury, under proper instructions of the court, and the verdict of the jury is reasonably sustained by the evidence, this court will not disturb the judgment of the trial court based thereon.

**2. Same—Judgment Sustained.**

Record in this cause examined, and held, as to the causes of action pleaded by the plaintiff, and as to the causes of action pleaded by the defendants and cross-petitioners, that the verdicts of the jury were reasonably sustained by the evidence, and that the instructions of the court fairly stated the law as applicable to the contentions of the parties, and that the judgment of the trial court should in all respects be affirmed.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by the Southwestern Mortgage Company against Mary V. Howard and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

Spears & Franklin, for plaintiff in error.

F. O. Cavitt and E. I. Saddler, for defendants in error.

BRANSON, J. This appeal is prosecuted from the judgment of the district court of Tulsa county, Okla., rendered in cause No. 18594 on the docket of said court. The Southwestern Mortgage Company, a corporation, was the plaintiff, and Mary V. Woods, or Mary V. Howard, was the principal defendant. She will be designated herein by her latter name. There are numerous other defendants, but none of them are concerned in this appeal except A. W. Marshall and the firm of Spears, Franklin & Chappelle, who as formal defendants are cross-petitioners against their codefendant Howard, as well as her attorneys.

In 1915, and at the time of the institution of this suit, in 1921, the principal defendant, Mary V. Howard, was the owner of the south 37½ feet of the north 50 feet of the west 50 feet of lot 5 in block 47 of the plat of the city of Tulsa. On the 4th day of March, 1915, she executed a mortgage on said property to Marion V. Harper, to secure a promisory note of even date, made payable to the said Marion V. Harper, for the sum of $800, which note was subsequently assigned for value to the plaintiff and the recovery on which note and the foreclosure of the mortgage given to secure the same is the first cause of action pleaded by the plaintiff in its petition.

On the 22nd day of June, 1917, the said principal defendant, Mary V. Howard, executed another mortgage upon said property to the First Nat. Bank of Roff, Okla., to secure a promissory note of even date, executed to said bank in the sum of $2,142.60, and the recovery of the remainder alleged to be due upon said note and the foreclosure of said mortgage is the plaintiff's second cause of action pleaded in its petition.

The principal defendant, Mary V. Howard, pleaded to plaintiff's petition, first, payment of the said $800 note; and second, that the note in the sum of $2,142.60 had been secured by fraud, and further defense to the said last note that the same had been fully paid and satisfied. Her answer was fully traversed by plaintiff's reply.

A. W. Marshall is a defendant in the action, by reason of a contract admitted by all of the parties, made by him with the said principal defendant to erect a brick building upon the lot in question. To protect his rights to a lien duly filed of record for material and labor, Marshall filed a cross-petition, claiming that a certain sum of money was due and unpaid, for which he sought to have declared a lien upon the property, and judgment against his codefendant, Mary V. Howard, for the amount due. Mary V. Howard, as against the cross-petition of her codefendant Marshall, pleaded in effect that Marshall had abandoned his contract, had not completed the work as per the contract, therefore sought to avoid the relief as against her which Marshall prayed.

The defendants Spears, Franklin & Chappelle, codefendants with the principal defendant, Mary V. Howard, by way of cross-action against her, pleaded that they were entitled to recovery for moneys advanced to complete the building on the lot, a certain sum, approximately $1,900, which they pleaded was reduced by reason of having used for offices certain rooms in said building to about $1,250, plus $305.

The other defendants, who asserted liens for labor, material, etc., and who secured judgments according to their claims, are not mentioned herein, for there is no assignment of error as to the judgments in their favor, and of course the judgment of the trial court as entered as to all such must be affirmed.

While the record and briefs in this cause are voluminous, and the assignments of error are numerous, we do not think that the facts as disclosed by the record warrant an extended discussion of the situation as was presented to the trial court, and as is presented here. The principal defendant, Mary V. Howard, is the plaintiff in error, as disclosed by the petition in error, and there is no cross-petition in error by either of the other said parties, except incorporated in the petition in error of Mary V. Howard, under subdivision "C," a quotation from motion for new trial of Spears, Franklin & Chappelle, in which they complain of the judgment rendered in their favor in the cause, and if the allegations of error therein set out can be considered a petition in error on their part, they are before this court. And since the said Spears, Franklin & Chappelle contend in their briefs that they are before the court for relief, and no objection being made by any party, this portion of the petition in error of Mary V. Howard will be considered as a cross-petition in error of Spears, Franklin & Chappelle. So the parties complaining in this court are the principal defendant, Mary V. Howard, and Spears, Franklin & Chappelle, and their allegations of alleged error of the trial court will be taken up separately.

First, as to the plaintiffs in error Spears, Franklin & Chappelle. They appear not only as petitioners in error, but also as attorneys for Mary V. Howard, the principal plaintiff in error. On their answer and cross-petition, they prayed a judgment and a lien upon the property to secure the same. A judgment was rendered in their favor in the sum of $1,500, and their allegations of alleged error are set out in their brief as follows:

"This firm had sued the defendant Howard (this was in their cross-petition) for the sum of $2,014 and some cents. They submitted canceled checks and other evidence to show that said sum was actually due them, and about which there was no contest or dispute. And the court in his instructions instructed the jury that there was no contest or dispute about the amount that was due the firm of Spears, Franklin & Chappelle, and that their verdict should be for the entire amount sued for, to wit, $2,014. But the jury was so confused in the efforts to consider the various angles of the many

causes submitted, until they either forgot, or was so confused as aforesaid, until they lopped off $500 of said undisputed claim, and returned a verdict for $1,500."

The trouble about this argument from their brief is that there is no such instruction given by the trial court. After the general instruction, the trial court advised the jury as to the law touching the specific claims of each of the litigating parties, and the specific instructions as to these parties is included in subdivision 12 of the instructions given by the court, and is as follows:

"You are instructed that the defendant Howard does not seek to resist the claim of the defendants Spears, Franklin & Chappelle, and that there will therefore be submitted to you one form of verdict on this issue in favor of the defendants Spears, Franklin & Chappelle, and against the defendant Howard, in which you will insert such amount as you find is due from the defendant Howard to the defendants Spears, Franklin & Chappelle, and return the same into court."

These attorneys say that the verdict of the jury in their favor for $1,500, under the instruction, is wrong. The answer and cross-petition of these attorneys begins at page 111 of the record, and continues to page 115 of the record. It discloses that they plead that their claim had been reduced to approximately $1,250, and that in addition to that, they had paid a claim for brick in the sum of $305. And under this pleading, the total amount they could have recovered, if their proof bore it out, would have been $1,555, instead of $2,014, and the trial court did not instruct the jury to return the verdict for $2,014, as their brief recites, but for such sum as the jury found due them under their evidence, and under their own pleadings, they could not have recovered more than $1,555, and the verdict of the jury for $1,500 in their favor is supported by the evidence in the cause. This disposes of their complaint.

The next contention, made by Spears, Franklin & Chappelle for their client, the plaintiff in error, Mary V. Howard, is that the verdict and judgment thereon in favor of the defendant Marshall, in the sum of $500, was erroneous, and not supported by the evidence in the cause. A lengthy discussion, coupled with a quotation from the evidence, from the record, goes to the weight of the evidence before the jury on the question as to whether Marshall had abandoned the contract. That this court will not determine the weight of the evidence in an action at law is so well settled that the citation of authorities is not necessary, and the effort on the part of the attorneys for the plaintiff in error, Mary V. Howard, to get the court to weigh this evidence, and to determine it on the weight of the evidence, on the theory that it is a suit in equity and not one at law, is contrary to their position as disclosed by the record, for that these same attorneys, representing this plaintiff in error, served notice on the plaintiff in the trial court on the 8th day of July, 1922, in words and figures as follows, to wit (omitting the caption):

"You are hereby notified that the above-styled cause, which has been placed on the trial docket at your suggestion, is not a court or nonjury case, but on the other hand, is a jury case, and the defendants, Mary V. Howard, I. H. Spears, B. C. Franklin, and B. A. Chappelle insist on a jury to try this cause, issue having been joined as to the amount due."

In accordance with their contention so made, the issues raised by the pleadings as to the amount due to the defendant Marshall, and the question of whether he had abandoned his contract, were submitted under competent evidence to the jury, and the jury found that Marshall was due the sum of $500, and this finding is reasonably supported by the evidence in the cause, and the judgment of the court, based upon the verdict of the jury, will therefore not be disturbed.

The amount due the plaintiff, the Southwestern Mortgage Company, a corporation, as set forth in its two causes of action, was drawn in question by the answer of the defendant; the amount claimed by the plaintiff, including interest, being $909.24, on the first cause of action, and $2,073.17 on the second cause of action, were tried to the jury, and as to this issue, in addition to the general instructions, the trial court specifically advised the jury. The verdict of the jury in behalf of the plaintiff, the Southwestern Mortgage Company, a corporation, was for the total sum of $1,809.22, the verdict specifically itemizing $909.24 for the first cause of action, and $899.98 on the second cause of action, reducing the amount claimed by the plaintiff more than $1,000. An examination of the evidence is convincing that the jury was at least fair, if not more than liberal with this plaintiff in error, and if there was error at all in the consideration of the evidence by the jury, it was in favor of Mary V. Howard, but the plaintiff has filed no cross-petition in error, and the verdict of the jury in favor of the plaintiff in the reduced amount must be approved.

This we think disposes of all of the contentions made, and the judgment of the trial court should in all respects be affirmed.

McNEILL, COCHRAN, HARRISON, MASON, and WARREN, J. J., concur.